SUMMARY ORDER
Defendant-appellant Garrett Santillo appeals a September 5, 2008 judgment of the District Court (P. Kevin Castel, J.) sentencing him principally to a term of incarceration of one year and one day after Santillo pleaded guilty to transmitting communications containing threats to injure another in interstate commerce in violation of 18 U.S.C. § 875(c). Santillo argues that his sentence was not substantively reasonable. We assume the parties’ familiarity with the facts and procedural history of the case.
Reviewing the District Court’s sentencing decision, as we must, “under a deferential abuse-of-cliscretion standard,” United States v. Cavera, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (internal quotation marks omitted), we detect neither procedural nor substantive deficiencies, see id. (“[Ajppellate scrutiny [of sentences] encompasses two components: procedural review and substantive review.”). As part of his plea agreement, defendant agreed that his Guidelines sentencing range was 12 to 18 months, and defendant does not challenge the procedural reasonableness of his sentence. The Government and defendant stipulated that a - sentence of five years’ probation would be appropriate, provided that, among other things, defendant remained under the continuous supervision of mental health professionals and did not use the internet, the telephone, or the mails to communicate with anyone other than his family, attorneys, or his probation officer. The Probation Office recommended a sentence of five years’ probation.
The District Court discussed each of the factors listed in 18 U.S.C. § 3553(a) and offered a careful explanation of the sentence it imposed. Although more severe than the probationary sentence recommended by the Government and the Probation Office, the sentence was at the bottom of defendant’s Guidelines range. After a careful review of the record, we hold that the sentence was “within the range of permissible decisions” available to the District Court. See id.; see also id. at 193 (“[0]nce we are sure that the sentence resulted from [a district court’s] reasoned exercise of discretion, we must defer heavily to the expertise of district judges.”).
Accordingly, the September 5, 2008 judgment of the District Court is AFFIRMED.